

**Stuart J. Wells** | Counsel

7 Times Square, Suite 2900 | New York, NY 10036-6524
Direct 212.631.1255 | Fax 212.631.4434
wellss@whiteandwilliams.com | whiteandwilliams.com

> Parties are granted a 45-day extension of all discovery deadlines. Parties are further directed to appear for a telephonic status conference on May 5, 2021 at 10:00 a.m.  Parties are directed to dial (888) 251-2909 and use access code 2123101.
>
> *LEWIS J. LIMAN*
> United States District Judge
>
> 4/26/2021

April 19, 2021

**VIA ECF**

Hon. Lewis J. Liman
Daniel Patrick Moynihan United States Courthouse
500 Pearl St. Courtroom 15C
New York, New York 10007-1312

RE:   *Fleetwood Services, LLC v. Ram Capital Funding, LLC, Tzvi Reich a/k/a Steve Reich, Richmond Capital Group LLC n/k/a RCG Advances LLC and Robert Giardina,*
No. 20-cv-05120 (LJL)

Dear Judge Liman:

      We are the attorneys for Plaintiff Fleetwood Services, LLC ("Fleetwood"). We write to request (i) a 90-day extension of all discovery deadlines and (ii) to compel Richmond Capital Group LLC's ("Richmond") production of documents by a date certain because Richmond has failed to timely produce documents and responses to document demands and Defendant Robert Giardina ("Giardina, and together with Richmond, the "Richmond Defendants") has asserted a blanket Act of Production privilege to Fleetwood's demands.  Absent production of documents from Richmond, Fleetwood cannot conduct meaningful depositions.  This the first request for an extension of discovery by any party.  Notwithstanding their failure to produce any documents, the Richmond Defendants refused to consent to the extension request.[1]  The current fact discovery deadline is May 14, 2021, and a proposed amended scheduling order is attached hereto as Exhibit 1.

## STATUS OF DISCOVERY

      This breach of contract and RICO action stems from Giardina's use of Richmond to orchestrate a fraudulent scheme to collect upon an unlawful debt by disguising criminally usurious loans as the purchase of future receivables and improperly withdrawing funds from Fleetwood's bank accounts.  Based upon similar conduct, the New York Attorney General (the "NY AG") and the Federal Trade Commission have asserted deceptive practice claims against

---

[1] As this Court may recall, Fleetwood has settled its claims against Ram Capital Funding LLC ("Ram LLC") and Steven Reich ("Reich" and collectively with Ram LLC, the "Ram Defendants").  Richmond has asserted an indemnity claim against Ram LLC.  A motion to dismiss the indemnity claim was filed in January and is pending before the Court.

April 19, 2021
Hon. Lewis J. Liman
Page 2

the Richmond Defendants in subsequently filed actions entitled *James v. Richmond Capital Group, LLC, et. al.*, Supreme Court of the State of New York, County of New York, Index No. 451328/2020 and *Federal Trade Commission v. RCG Advances, LLC, et. al.*, United States District Court for the Southern District of New York, Case No. 20-cv-04432.  These actions are still pending.

After various motions to dismiss were fully briefed in this action and Fleetwood and the Richmond Defendants exchanged initial disclosures, by email dated March 4, 2021, Fleetwood served Richmond with an initial set of document demands.  Shortly thereafter, Fleetwood served Giardina with document demands and notices of depositions/subpoenas and/or document subpoenas upon the Richmond Defendants for the following witnesses:

| WITNESS | DATE | KNOWLEDGE |
|---|---|---|
| Richmond Rule 30(b)(6) designee | 4/21/2021 | Topics include factual allegations in Richmond's answer; knowledge of witnesses identified in Initial Disclosures; underwriting, enforcement and collection of allegedly unlawful debt. |
| Robert Giardina | 4/27/2021 | Founder and owner of Richmond; Named defendant believed to have knowledge of underlying scheme to collect unlawful debt. |
| Michelle Gregg | 4/29/201 | Representative of Richmond involved in underlying transaction who is also believed to have personal knowledge of Richmond's policies, procedures and operations. |
| Joe DeSilva | 4/30/2021 | Believed to be an underwriter with Richmond and have knowledge concerning Richmond's underwriting, collection and enforcement policies and procedures. |
| Ram LLC and Tzvi Reich[2] | 5/4/2021 | Owner and founder of Ram LLC who is believed to have knowledge concerning the relationship between Ram LLC and Richmond that is relevant to establishing Fleetwood's claims that Richmond is the true party in interest under the subject agreement |

---

[2] While the Ram Defendants have raised objections to these requests, counsel for Fleetwood and the Ram Defendants have met and conferred and we believe those differences have been resolved.

26944115v.2

April 19, 2021
Hon. Lewis J. Liman
Page 3

By letter dated April 5, 2021 (Ex. 2 hereto), the day that Richmond's document demand responses were due, counsel for Richmond requested a two-week extension to begin a "rolling" production of documents, but when asked when the production would be completed, Richmond's counsel failed and refused to commit to a date (Ex. 3 hereto), thereby prejudicing Fleetwood's ability to prepare for the noticed depositions and complete discovery by the fact discovery cutoff or May 14, 2021.  *As of the filing of this letter on April 19, 2021, Richmond still has not produced any documents.*

Additionally, the April 5 letter advised that Giardina would not be producing any responses or documents based upon the Act of Production privilege and would be asserting the Fifth Amendment at his deposition, making Richmond's discovery responses even more critical. Counsel also advised that they would not be available for deposition during the week of April 27, 2021 because he would be appearing before Your Honor for a "weeklong" trial in another matter.

In addition to the above discovery, Fleetwood has subpoenaed and received documents from Empire State Bank, N.A and Actum Processing, Inc.

In the meantime, Richmond waited until April 12, 2021 to serve document demands and interrogatories upon Fleetwood and to notice a Rule 30(b)(6) deposition of Fleetwood for May 14, 2021.  Fleetwood's responses to the discovery demands are due May 12, 2021.  Giardina has not served any discovery upon Fleetwood.

## PROPOSED DISCOVERY

Fleetwood requests an extension of the discovery deadline in order to obtain documents from the Richmond Defendants and conduct meaningful deposition discovery.

Among other things, Fleetwood's document demands (the "Fleetwood Document Demands") (Ex. 4 hereto) seek the production of: (i) all documents relating to the underlying Fleetwood Transaction, including material relating to how Richmond underwrote the transaction, established the usurious payment terms and adopted the form of agreement that Fleetwood alleges was used by Giardina to conceal his unlawful debt scheme; (ii) documents showing that Richmond improperly withdrew and effectively stole more than $35,000 from Fleetwood's bank account; (iii) documents showing how Richmond treats and enforces its agreements; and (iv) documents that would shed light into Richmond's affirmative defenses and counterclaims, including the relevancy of more than 50 third-party witnesses that Richmond's initial disclosures identified as "potentially" having knowledge about Richmond's operations.   The Richmond Defendants have not raised any objections to Fleetwood's Document Demands.

Without these documents and the additional documents sought by the Document Demands, Fleetwood cannot effectively conduct the party-depositions set forth above. Fleetwood requires the documents in order to properly prepare for and examine the party witnesses and to challenge the scope of Giardina's privilege assertions.  Accordingly, as set forth in the accompanying proposed scheduling order, Fleetwood requests that the Court set May 14,

26944115v.2

April 19, 2021
Hon. Lewis J. Liman
Page 4

2021 as the date by which the Richmond Defendants must produce written responses, without objections, to the Document Demands and all responsive documents and extend fact discovery until August 16, 2021. In this manner, Fleetwood can reschedule and prepare for the noticed depositions of Richmond's corporate witness, Giardina, Gregg, DeSilva and Reich (if such deposition remains necessary).

Fleetwood also seeks the latitude, without further Court order, to depose up to five (5) additional depositions based upon the documents to be produced by Richmond and the testimony of the above-referenced witnesses. As discussed above, the Fleetwood Document Demands seek information concerning the files of the 50 third-party persons/entities identified by Richmond in its Initial Disclosures as potentially having relevant knowledge. Fleetwood believes that the requested documents and Rule 30(b)(6) testimony will explain the knowledge of these potential witnesses and identify those witnesses that truly need to be deposed, thereby streamlining the discovery process. At this time, Fleetwood seeks permission to depose up to five additional witnesses that it deems necessary in light of the documents and testimony without further leave of the Court.

Fleetwood has no objection to extending the fact discovery deadline to include its responses to Richmond's document demands and to produce a Rule 30(b)(6) witnesses after Richmond has had an opportunity to review any responsive documents produced by Fleetwood.

## LEGAL ARGUMENT

Pursuant to Fed. R. Civ. P. 16(b)(4), a case management plan and scheduling order may be modified and extended upon a showing of "good cause." *See* Fed. R. Civ. P. 16 (b)(4). In considering whether "good cause" exists, a court should consider the due diligence of the moving party in seeking discovery, the proposed discovery, any prejudice from denying the extension and whether granting the extension will contribute to the "speedy, just and inexpensive determination of the matter." *Furry Puppet Studio Inc. v. Fall Out Boy*, 2020 U.S. Dist. LEXIS 155557 at *5 (S.D.N.Y. Feb. 24, 2020) (J. Liman). Each of these factors weigh heavily in favor of granting the requested extension.

First, Fleetwood has been diligent in conducting discovery, but Giardina has failed and refused to produce any documents and Richmond has failed to produce the requested documents in a timely fashion and have refused to identify when they will produce all of the requested documents. *See Elliot Assocs., L.P. v. Republic of Peru*, 1997 U.S. Dist. LEXIS 11185 (S.D.N.Y. Aug. 1, 1997) (after the close of discovery, granting extension because of defendant's delays in producing documents). Richmond's failure to timely produce the requested documents is, frankly, surprising. For several years, Richmond has been the subject of an investigation by the NY AG and has been compelled to produce documents to the NY AG which are likely very similar to the documents sought by Fleetwood. Accordingly, Richmond should have these documents readily available for production, but it has not produced them and it refuses to provide a date certain for their complete production. Its delay can only be viewed as a tactic to frustrate Fleetwood's timely and legitimate discovery requests.

April 19, 2021
Hon. Lewis J. Liman
Page 5

<u>Second</u>, denying the extension will severely prejudice Fleetwood. Giardina has refused to produce any documents based upon the Act of Production privilege and intends to assert the Fifth Amendment privilege at his deposition. Accordingly, Richmond is the only source of documents. Absent the responsive documents, Fleetwood cannot prepare for and conduct meaningful depositions to establish its case or narrow the scope of its questioning so that it can properly and fully challenge Giardina's assertion of the Act of Production and the Fifth Amendment privileges.

<u>Third</u>, granting the extension will not prejudice the Richmond Defendants. Richmond has just recently served its own discovery and it has already asked Fleetwood for a "courtesy" extension of time to produce documents. Giardina has not even answered the Amended Complaint, let alone served any discovery. Instead, he moved to dismiss the action and that motion is still pending.

<u>Finally</u>, granting the extension is the most efficient manner to proceed. Richmond purportedly needs the additional time in order to produce documents and Richmond's counsel advises that it is not available for depositions on April 27, 2021 and for sometime thereafter because counsel's office is "currently scheduled to be before the Honorable Liman on the previously suggested date, for a weeklong trial." *See* Ex. 2 hereto. Richmond has not suggested any new dates for the depositions that had been proposed for that week. Granting the extension will allow the parties the opportunity to reschedule the previously noticed depositions so that they do conflict with other matters pending before this Court.

## **CONCLUSION**

Fleetwood respectfully requests that good cause exists for a 90-day extension of all discovery deadlines in this matter. This is Fleetwood's first request for an extension. Fleetwood should not be prejudiced by Richmond's failure to produce documents and Giardina's sweeping assertions of constitutional privilege to shield him from discovery. Accordingly, it is respectfully requested that the Court grant Fleetwood's request to (i) compel Richmond's complete production of documents by May 14, 2021 and (ii) extend all discovery deadlines by 90 days.

Respectfully submitted,

WHITE AND WILLIAMS LLP

*Stuart J. Wells*

Stuart J. Wells

cc: ALL COUNSEL OF RECORD (VIA ECF)

26944115v.2