USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/4/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
            :
FLEETWOOD SERVICES, LLC,             :
            :
            Plaintiff,        :
            :      20-cv-5120 (LJL)
     -v-                 :
            :      ORDER
RAM CAPITAL FUNDING, LLC, TSVI REICH a/k/a  :
STEVE REICH, RICHMOND CAPITAL GROUP LLC,  :
n/k/a RCG ADVANCES LLC and ROBERT      :
GIARDINA,             :
            :
            Defendants.      :
            :
------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      Defendants move for a protective order to prevent Plaintiffs from taking the scheduled depositions of three witnesses, Michelle Gregg, Jose DaSilva, and Robert Giardina, on the grounds that each of the three intend to invoke their right to remain silent pursuant to the Fifth Amendment "when questioned in the matter herein." Dkt No. 49. They offer instead to provide Plaintiff's counsel with an affidavit stating that the three will invoke the Fifth Amendment. Gregg is the designated Rule 30(b)(6) representative of defendant Richmond Capital Group ("Richmond") and DaSilva was identified by Richmond as a person with relevant knowledge in its initial disclosures; both are employees of Richmond. Giardina is alleged to be Richmond's owner. Gregg's rescheduled deposition was scheduled for April 30, 2021, and DaSilva's deposition was scheduled for May 3, 2021, before Defendants unilaterally cancelled them through the filing of this motion. A conference in this case is scheduled for tomorrow.

      The motion is denied. "When a deposition is sought, the availability of the Fifth Amendment privilege does not mean that the witness need not attend the deposition. The proper procedure is for the deponent to attend the deposition, to be sworn under oath, and to answer those questions he can without risking self-incrimination." *Moll v. U.S. Life Ins. Co. of N.Y.*, 113 F.R.D. 625, 628-29 (S.D.N.Y. 1987) (citing *Hudson Tire Mart, Inc. v. Aetna Cas. & Sur. Co.*, 518 F.2d 671, 674 (2d Cir. 1975)); *see also Sec. and Exch. Comm'n v. Pence*, 323 F.R.D. 179, 187 (S.D.N.Y. 2017) (same); *Universitas Education, LLC v. Nova Grp., Inc.*, 2016 WL 1178773, at *4 (S.D.N.Y. Mar. 23, 2016) (rejecting argument that witness "should not be required to appear for his deposition at all because any questions asked will implicate his Fifth Amendment privilege"); *Ashkenazi v. Lincoln Nat'l Life Ins. Co.*, 2010 WL 11623469, at * (E.D.N.Y. Aug. 27, 2010) ("the witness must attend the deposition and assert her Fifth Amendment rights on a question-by-question basis after each question is asked, answering those questions that are not protected by the Fifth Amendment"); *Krape v. PDK Labs, inc.* 2004 WL 831137, at *4 (E.D.N.Y. Apr. 19, 2004) ("although a witness in a civil proceeding has a Fifth Amendment right

not to respond to civil discovery when his responses may tend to incriminate him, a blanket assertion of the privilege against self-incrimination is impermissible") (internal citation omitted); *In re DG Acquisition Corp.*, 213 B.R. 883, 887-88 (S.D.N.Y. 1997). Moreover, "the general reasonableness of a fear of potential self-incrimination does not justify a refusal to answer any and all questions; the appropriateness of assertions of privilege must be determined on a question-by-question basis." *Sterling Nat'l Bank v. A-1 Hotels Int'l, Inc.*, 2004 WL 1418201, at *2 (S.D.N.Y. June 23, 2004) (Lynch, J.). "The deposing party may thereafter move to compel the witness to answer the questions for which the privilege was asserted." *Pence*, 323 F.R.D. at 187. Furthermore, the witness must invoke the privilege himself; "counsel is not entitled to instruct [the witness] not to answer" on Fifth Amendment grounds. *Pal v. N.Y. Univ.*, 2007 WL 4358463, at *10 (S.D.N.Y. Dec. 10, 2007).

By not appearing for deposition, the witnesses have unilaterally relieved themselves of the obligation to invoke the privilege on a question-by-question basis and deprived Plaintiff of the right to challenge that invocation of the privilege. They have also deprived Plaintiff of the right for the factfinder to be able to draw a negative inference from the refusal to answer a particular question to which Plaintiff may be entitled at trial.[1]

Defendants are ordered to produce Gregg, DaSilva, and Giardina for deposition on or before May 14, 2021. The witnesses shall have to invoke the privilege separately with respect to each question as to which they fear self-incrimination; a blanket waiver will not permitted. Defendants shall be prepared to offer at tomorrow's conference two dates certain when each witness can appear for deposition. The Court will then set the date for the deposition.

The Court will hear Defendants at tomorrow's conference why Plaintiff should not be awarded its reasonable expenses incurred in opposing defendants' motion, including attorneys fees. *See* Fed. R. Civ. P. 37 (a)(5).

To the extent that Defendants seek relief based on a purported ethical violation by Plaintiff's counsel, the motion is denied. Defendants offer no evidence of unethical conduct.

Defendants raise a number of other issues in their letter at Dkt. No. 50, including the request that the Court strike the Offer of Judgment filed by Richmond at Dkt. No. 48 because it has not been accepted, and that the Court grant its request to compel the production of documents and award discovery sanctions. The parties should be prepared to address those issues at tomorrow's conference.

SO ORDERED.

Dated: May 4, 2021
New York, New York

LEWIS J. LIMAN
United States District Judge

---

[1] The Court need not and does not reach the question now whether there is a sufficient factual basis for the factfinder to draw such a negative inference based on the testimony of persons who are not defendants.