

**Stuart J. Wells** | Counsel

7 Times Square, Suite 2900 | New York, NY 10036-6524
Direct 212.631.1255 | Fax 212.631.4434
wellss@whiteandwilliams.com | whiteandwilliams.com

May 26, 2021

**VIA ECF**

Hon. Lewis J. Liman
Daniel Patrick Moynihan United States Courthouse
500 Pearl St. Courtroom 15C
New York, New York 10007-1312

RE:   *Fleetwood Services, LLC v. Ram Capital Funding, LLC, Tzvi Reich a/k/a Steve Reich, Richmond Capital Group LLC n/k/a RCG Advances LLC and Robert Giardina,*
      No. 20-cv-05120 (LJL)

Dear Judge Liman:

     We are the attorneys for Plaintiff Fleetwood Services, LLC ("Fleetwood"). We write to advise the Court that Defendant Richmond Capital Group LLC ("Richmond") is in violation of this Court's May 5 Order and in further support of Fleetwood's requests for discovery sanctions, including the fees and costs incurred in preparing this letter.

### I.   Richmond Rule 30(b)(6) Deposition.

     As the Court may recall, Richmond originally proffered Michelle Gregg as a Rule 30(b)(6) witness, confirmed her deposition for April 30, 2021 and then on April 29, 2021 Richmond suddenly "cancelled" her deposition while simultaneously moving to substitute an affidavit and prior testimony in a separate case in place of actual testimony in this matter. At the May 5th conference, this Court denied Richmond's application and ordered that Ms. Gregg appear for a deposition on May 13, 2021 to testify as both a corporate designee and a fact witness. At 4:16 p.m. on May 12, 2021, Richmond once again suddenly cancelled Ms. Gregg's Rule 30(b)(6) deposition and proffered a new Rule 30(b)(6) witness, Marissa T. Jones, Esq., "as an outside agent of RCG."

     Ms. Gregg's fact deposition went forward on May 13, 2021. She asserted the Fifth Amendment to every question.

     Ms. Jones' Rule 30(b)(6) deposition was set for today, May 26, 2021. But once again, Richmond cancelled the deposition the night before. By email dated May 25, 2021 at 7:57 p.m., Richmond's counsel advised that Ms. Jones was "experiencing chills and a fever," was taking a COVID test and would not be available for her Zoom deposition.

May 26, 2021
Hon. Lewis J. Liman
Page 2

      This cannot continue. Richmond has done everything to impede and to frustrate our ability to conduct discovery in this case, meet the Court's deadlines and proceed in an efficient manner. We appreciate the potential severity of Ms. Jones' symptoms, but every week there is a new excuse for why Richmond's Rule 30(b)(6) deposition cannot proceed.

      We kindly request that the Court enter an Order directing that Richmond produce a Rule 30(b)(6) witness for deposition by Zoom on June 3, 2021 at 10 a.m., regardless of whom that witness is. Indeed, it is readily apparent that Richmond will put forth anyone to serve as a Rule 30(b)(6) designee. Ms. Jones does not work for Richmond and was not disclosed by Richmond in its Initial Disclosures as someone having personal knowledge of Richmond's operations. She is a hired gun. Accordingly, Richmond can readily appoint a new Rule 30(b)(6) and they can learn the necessary information, just as Ms. Jones has presumably done.

      Richmond should also be required to identify the name of its Rule 30(b)(6) witness by June 1, 2021.

      II.      **Discovery Sanctions**

      Richmond's latest conduct further warrants the imposition of sanctions sought by Fleetwood in opposing Richmond's "cancellation" motion and compelling Richmond's discovery responses. Richmond has now unilaterally cancelled or adjourned its duly noticed Rule 30(b)(6) deposition at least *three* times on the eve of the deposition. Richmond's conduct results in waste and inefficiency and should not be tolerated.

      Richmond's decision to suddenly change its Rule 30(b)(6) designee from Ms. Gregg to Ms. Jones also demonstrates that its initial request to substitute Ms. Gregg's affidavit and prior transcript for actual testimony was a hollow gesture. Indeed, during their fact depositions, Ms. Gregg and Mr. DaSilva both refused to even acknowledge that they appeared at their prior depositions and instead asserted the Fifth Amendment right against self-incrimination to questions about those depositions and the very transcripts that Richmond sought to substitute for actual live testimony in this case. Accordingly, it is respectfully requested that the Court grant Fleetwood's request for fees and costs in researching and preparing its letter motion to compel the production of documents [Doc. No. 46-2], letter reply to Richmond's motion to cancel depositions and in further support of Fleetwood's motion to compel [Doc. No. 50] and this letter.

      We thank the Court for its time and consideration.

                    Respectfully submitted,
                    WHITE AND WILLIAMS LLP

                    *Stuart J. Wells*

                    Stuart J. Wells

May 26, 2021
Hon. Lewis J. Liman
Page 3

cc: ALL COUNSEL OF RECORD (VIA ECF)

27122795v.1