**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FLEETWOOD SERVICES, LLC<br><br>                Plaintiff,<br><br>  v.<br><br>RAM CAPITAL FUNDING, LLC, TSVI REICH A/K/A STEVE REICH, RICHMOND CAPITAL GROUP LLC N/K/A RCG ADVANCES LLC, AND ROBERT GIARDINA;<br><br>                Defendants. | Case No. 20-cv-5120 (LJL)<br><br>**DECLARATION OF SHANE R. HESKIN IN SUPPORT OF PLAINTIFF FLEETWOOD'S APPLICATION FOR FEES AND COSTS AGAINST DEFENDANT ROBERT GIARDINA;** |

Pursuant to 28 U.S.C. § 1746, I, Shane R. Heskin, declares and states the following under penalty of perjury:

➢ I am a partner with the law firm of White and Williams LLP, counsel to Plaintiff Fleetwood Services, LLC ("Fleetwood").

➢ I am the billing responsible partner for this matter and am personally familiar with the facts and circumstances set forth herein.

➢ Pursuant to Rule 54(d)(2), I make this declaration in support of Fleetwood's motion for fees and costs against Defendant Robert Giardina.

➢ On August 17, 2022, this Court entered a Decision and Order entering a final judgment in this action in favor of Plaintiff Fleetwood and as against Defendant Robert Giardina. *See* Dkt. No. 105.

➢ As a result of this Court's entry of final judgment on Count V of its Amended Complaint, Plaintiff Fleetwood is entitled to its reasonable attorney's fees and costs under 18 U.S.C. §§ 1962(c) and 1964(c).

**I.     THE ATTORNEY'S FEES INCURRED ARE REASONABLE BECAUSE THIS ACTION FULFILLED THE PURPOSE OF THE RICO STATUTE**

➢ The civil RICO statute is designed to deputize civil litigants as "private attorney general[s]" to further the "preventive and remedial" purposes of the statute. *See United States v. Turkette*, 452 U.S. 576, 593, 101 S. Ct. 2524, 69 L. Ed. 2d 246 (1981); *Agency Holding Corp. v. Malley-Duff & Associates, Inc.*, 483 U.S. 143, 107 S. Ct. 2759, 97 L. Ed. 2d 121 (1987)).

**A.     The FTC and State of New York Actions Against Richmond and Giardina**

➢ This action was first filed on March 18, 2020 in New York Supreme Court.

➢ On June 10, 2020, the New York Attorney General and the Federal Trade Commission each filed separate actions against the original Defendants to this action (and others), alleging the same fraudulent conduct that formed the basis of the RICO claims before this Court.

➢ On June 1, 2022, the FTC entered a stipulated Order for Permanent Injunction, Monetary Judgment, and Civil Penalty as to RCG Advances and Defendant Giardina—permanently banning Giardina from the MCA industry. *See* Ex. 1, at pg. 6.

➢ The New York Attorney General's action is still ongoing. In further support of its motion for summary judgment, however, the New York Attorney General cited this Court's Decision and Order with approval. *See* Ex. 2.

**B.     The FTC and State of New Jersey Actions Against Yellowstone**

➢ On April 12, 2018, White and Williams LLP filed a RICO action against Yellowstone Capital, LLC in this Court, alleging similar fraudulent and unlawful collection actions presented here by another MCA. *See The New Y-Capp, Inc. v. Yellowstone et al,* Case 1:18-cv-03223-ALC.

➢ On August 3, 2020, the FTC filed an action against Yellowstone and its principals, alleging many of the same fraudulent and unlawful collection actions presented in *Y-Capp* and here. *See* Ex. 3.

➢ On December 8, 2020, the New Jersey Attorney General likewise filed an action against Yellowstone and its various affiliated companies, alleging many of the same fraudulent and unlawful collection actions as alleged in that complaint and as presented here. *See* Ex. 4.

➢ On May 4, 2021, the FTC entered a Stipulated Order for Permanent Injunction and Monetary Judgment against Yellowstone and its principals. *See* Ex. 5.

### C.  **Fleetwood Services, LLC v. Complete Business Solutions Group**

➢ On February 5, 2018, Fleetwood filed a RICO action against Complete Business Solutions Group in the Eastern District of Pennsylvania. *See Fleetwood Servs., LLC v. Complete Bus. Sols. Grp.,* 374 F. Supp. 3d 361 (E.D. Pa. 2019) (upholding RICO claims like here).

➢ On July 24, 2020, the SEC filed an action against Complete Business Solutions Group, citing in support evidence obtained in the *Fleetwood* action. *See* Ex. 6.

➢ On July 28, 2020, the FBI raided CBSG's offices and the homes of its principals, seizing numerous guns, millions of dollars in cash, and a private jet.

➢ As a direct result of my pursuit of claims against CBSG, I have been personally harassed and threatened, as well as my wife and children.

➢ On June 16, 2021, I personally received a letter from the United States Department of Justice informing me that I have been identified "as a possible victim of a crime." *See* Ex. 7.

➢ On May 4, 2022, the Philadelphia Inquirer reported that the defendants in those actions expect federal criminal indictments to be handed down imminently.

➢ The class action, seeking redress for more than two hundred similarly situated victims remains pending.

## II. THE ATTORNEY'S FEES INCURRED ARE REASONABLE

➢ This action involved complex legal and factual issues that required specialized skill and experience with the MCA industry and the legal complexities of a RICO action.

➢ Despite the complexities of these claims, this case was leanly staffed with just me and one other attorney, Stuart Wells.

➢ As demonstrated more fully below, I respectfully submit that my hourly rate of $750 is reasonable, and that the hourly rate of $575 per hour is reasonable for Stuart Wells.

➢ For perspective, a recent article by the ABA Journal reports billing rates of New York partners within this District commanding hourly rates far above $1,000 per hour, and even up to nearly $2,500 per hour. *See* ABA Law Journal, *BigLaw partner's hourly billing rate of nearly $2,500 draws objection from Trustee*, dated May 25, 2022, attached as Ex. 8.

### A. $750 is a reasonable hourly rate for a New York partner with over twenty years of complex, commercial litigation experience.

➢ I graduated from Albany Law School in 1999. From 1999 to 2001, I was an associate at the New York City office of Milbank, Tweed, Hadley & McCoy, LLP. From 2001 to 2005, I was an associate at the New York City office of O'Melveny & Myers, LLP, and became counsel in 2005. From 2005 to the present, I have been with White and Williams LLP, where I became an equity partner in 2008. I have more than twenty years of complex, commercial litigation experience and have tried numerous jury cases for both the defense and plaintiff. I also have extensive appellate experience and have appeared before numerous appellate courts.

➢ I was admitted to practice in the following jurisdictions on the dates indicated:

    a. New York State Bar – April 10, 2000

    b. Pennsylvania State Bar – January 27, 2006

    c. Massachusetts State Bar – February 14, 2006

      d. U.S. District Court for the Eastern District of New York – July 25, 2000

      e. U.S. District Court for the Southern District of New York – July 25, 2000

      f. U.S. District Court for the District of Massachusetts – July 26, 2007

      g. U.S. District Court for the Western District of Pennsylvania – February 17, 2021

      h. U.S. District Court for the Eastern District of Pennsylvania – July 16, 2008

      i. U.S. District Court for the Northern District of New York – October 1, 2015

      j. U.S. Court of Appeals for the First Circuit – March 6, 2007

      k. U.S. Court of Appeals for the Second Circuit – October 16, 2015

      l. U.S. Court of Appeals for the Third Circuit – February 15, 2017

      m. U.S. Court of Appeals for the Sixth Circuit – 2009

➢ In the past twenty years, I have handled some of the largest, most complex insurance coverage matters all over the country. Among these various coverage actions, I was recently lead trial counsel in a multi-billion insurance coverage case against Duke Energy in North Carolina concerning its many decades of coal ash disposal. I am also currently lead trial counsel in yet another insurance coverage action against Duke Energy in Indiana involving similar coal ash disposal practices.

➢ In addition to my complex, insurance coverage experience, I have specialized knowledge of the MCA industry.

➢ As alleged in this action and those brought by various regulatory agencies, the MCA industry is a predatory lending industry that preys upon struggling small businesses. The MCA industry predominately uses the New York Court System due to New York's unique judgment collection laws. As a consequence, MCA litigation is concentrated in New York.

➢ Over the past six years, I have easily represented more than one hundred small businesses that have been victimized by the MCA industry.

➢ I have been cited as an authority on the MCA industry in numerous national publications, including NBC News, Bloomberg News, Yahoo Finance, the Philadelphia Inquirer, and the New York Post.[1]

➢ Based on my experience in the industry, I have also been asked to testify on behalf of public interest groups before state and federal legislative bodies, including before the United States Congress on June 26, 2019.[2]

➢ I have also advised numerous state, federal and local law enforcement agencies on the predatory MCA practices.

➢ In 2020, at the onset of the COVID-19 pandemic, I participated in a Town Hall panel sponsored by New York Congresswoman Maxine Waters, consisting of New York Attorney General Letitia James and then FTC Chair Rohit Chopra to advise small businesses on how to protect themselves against MCA companies.

➢ I also recently appeared before the New York Court of Appeals concerning certified questions posed by the Second Circuit regarding the remedies available to a victim of unlawful collection practices by an MCA company. *See Plymouth Venture Partners, II, L.P. v. GTR Source, LLC*, 37 N.Y.3d 591, 594, 183 N.E.3d 1185, 1186, 163 N.Y.S.3d 467, 468, (2021).

➢ I am also lead counsel on numerous state and federal court decisions relating to the construction and interpretation of MCAs, as well as their application to the RICO statute. *See, e.g.*, *Lateral Recovery LLC v. Queen Funding, LLC*, 21 Civ. 9607 (LGS), 2022 U.S. Dist. LEXIS

---

[1] https://www.bloomberg.com/graphics/2018-confessions-of-judgment-millionaire-marshal/; https://finance.yahoo.com/news/merchant-cash-advances-salvation-small-businesses-payday-lending-reincarnate-161835117.html; https://nypost.com/2018/11/27/doi-looks-into-city-marshal-for-expanding-reach-beyond-nyc/
[22] https://www.congress.gov/event/116th-congress/house-event/LC64251/text?s=1&r=9

129032, at *16 (S.D.N.Y. July 20, 2022) (adopting this Court's analysis); *Haymount Urgent Car PC v. FoFund Advance LLC*, Case No. 22-cv-1245 (JSR), 2022 U.S. Dist. LEXIS 112768 (S.D.N.Y. June 27, 2022) (same); *McNider Mar., LLC v Yellowstone Capital, LLC*, 2019 N.Y. Misc. LEXIS 6165 (N.Y. Sup. Ct., Erie Cty Nov. 19, 2019) (upholding RICO claims); *NRO Boston LLC v. Yellowstone Capital LLC*, 2021 N.Y. Misc. LEXIS 1892 (Rockland Cty, April 9, 2021) (upholding RICO claims); *Funding Metrics LLC v. NRO Boston*, 2019 N.Y. Misc. LEXIS 4878 (N.Y. Sup. Westch. Cty. Aug. 28, 2019) (finding MCA loan as a matter of law); *Funding Metrics, LLC v. D & V Hospitality*, 62 Misc.3d 966 (N.Y. Sup. Westch. Cty. Jan. 7, 2019) (same); *Fleetwood Servs., LLC v. Complete Bus. Sols. Grp.*, 374 F.Supp.3d 361 (E.D. Pa. 2019) (upholding RICO claims); *NRO Boston v. Funding Metrics*, 2018 U.S. Dist. LEXIS 239152 (E.D. Pa. May 23, 2018) (same).

➢ As a direct result of my extensive experience within the MCA industry, I can and have commanded a standard blended hourly rate of at least $625 for all billers in actions pending within the Southern District of New York.

➢ In addition to those matters pending within the Southern District of New York, I have had a blended hourly rate of $575 approved by a bankruptcy court in California, and a bankruptcy court in Texas. *See* Exs. 9, 10.

➢ A blended hourly rate is intended to estimate the average hourly rate for all billers working on the file commensurate with the level of experience of each attorney.

➢ Given the balance of work performed on this matter, applying a blended hourly rate of $625 would result in a lower attorney's fee award than Fleetwood is requesting on this motion.

➢ As the billing responsible partner on this file, I respectfully submit that $750 is a reasonable hourly rate for a partner of my specialized experience in this area.

  **B.**  **$575 is a reasonable hourly rate for a New York counsel with over twenty-five years of complex, commercial litigation experience.**

➢ Stuart Wells is counsel with over twenty years of complex, commercial litigation experience, and he handled all day-to-day matters on this file.

➢ Among other things, Mr. Wells drafted the complaint, handled all written discovery, took all affirmative depositions, drafted all complex motion papers in this case, and argued all motions before this Court.

➢ Mr. Wells graduated from The University of Pennsylvania in 1992 and earned his J.D. from Rutgers University School of Law- Newark in 1995.

➢ During his career, he has worked at several law firms in the Greater New York City area, including Connell Foley LLP, Hogan Lovells and Otterbourg, Steindler, Houston & Rosen, P.C. before becoming Counsel at White and Williams LLP.

➢ He has more than 25 years of experience litigating complex matters for clients in federal and state courts throughout the United States. He has conducted hundreds of depositions, conducted trials and evidentiary hearings, argued appeals and motions in lower courts and successfully obtained settlements for clients in a wide array of matters.

➢ Initially, like myself, he spent a significant amount of time as an insurance coverage attorney. However, his practice has expanded over the years to include representing corporations, individuals and financial institutions in connection with the prosecution and defense of UCC disputes, loan workouts, collateral foreclosures, breaches of contract, fraud and other business torts. Specifically, he has more than 15 years of experience representing lenders and borrowers in financial litigation.

➢ In the past five years alone, Mr. Wells has represented more than fifty small businesses during litigation and in reaching out of court settlements.

➢ Mr. Wells is admitted to practice in the following jurisdictions:

    a. New York – 1999

    b. New Jersey – 1995

    c. U.S. District Court for the Eastern District of New York

    d. U.S. District Court for the Southern District of New York

    e. U.S. District Court for the District of New Jersey

➢ In addition, Mr. Wells has been an integral part of almost every MCA case this firm has handled since his employment with White and Williams LLP, including many of the MCA cases that I listed above.

➢ As the billing responsible partner on this file, I respectfully submit that $575 is a reasonable hourly rate for a counsel of Mr. Well's specialized experience in this area.

**D. The staffing and number of hours spent is reasonable.**

➢ As the billing responsible partner for Fleetwood Services, LLC, I have performed legal services and kept accurate and detailed records of the time spent on this case. I have also reviewed the detailed billing record of Mr. Wells and believe they are reasonable.

➢ According to the billing records maintained by the firm in the ordinary course of its business, which I have personally reviewed, the total number of attorney hours spent on this case is 818.4. Of that amount, I personally spent 63.6 hours, which at a rate of $750 per hour totals $47,700, and Stuart Wells spent 754.8 hours, which at a rate of $575 per hour totals $434,010. The sum of these fees is $481,710. A detail of the hours spent through the date of this motion is attached as Exhibit 11.

➢ Based on my experience handling this type of case, I respectfully submit that the time expended in this case was reasonable in light of the totality of the circumstances.

  **E.**  **The total costs incurred is reasonable.**

 ➢ As the billing responsible partner, I have reviewed the costs incurred for this case. The costs include filing fees, deposition transcripts, service of process fees, expert fees, and postage and delivery costs. *See Bascuñán v. Elsaca*, 874 f.3d. 806, 815 (2d Cir. 2017) ("And Section 1964(c) of RICO, which is the focus of this appeal, permits '[a]ny person injured in his business or property by reason of a violation of section 1962' to bring a private civil suit in federal district court and authorizes the recovery of treble damages, attorney's fees, and costs.").

 ➢ No amount has been charged for research services such as LEXIS or Westlaw.

 ➢ A true and correct copy of the invoices for these costs is attached as Exhibit 12.

 ➢ The total costs incurred is $8,914.35.

**III.** **A MULTIPLIER OF 1.25 IS REASONABLE GIVEN THE RESULT OBTAINED AND THE CONTINGENCY RISK ASSUMED BY WHITE AND WILLIAMS LLP.**

 ➢ This matter was handled on a pure contingency basis.

 ➢ In the event that White and Williams LLP was not successful with the claims asserted in this action, it would have been entitled to no fee at all.

 ➢ In addition, White and Williams LLP fronted all costs incurred in this litigation.

 ➢ As a result, White and Williams LLP assumed all financial risk.

 ➢ The result obtained respectfully speaks for itself.

 ➢ Under the lodestar method of fee computation, "a multiplier is typically applied to the lodestar. The multiplier represents the risk of the litigation, the complexity of the issues, the contingent nature of the engagement, the skill of the attorneys, and other factors." *In re Merrill Lynch & Co., Inc. Research Reports Securities Litigation*, 2007 U.S. Dist. LEXIS 69195, 2007 WL 313474 at *22.

 ➢ "In this Circuit, contingency fees of 1.85 times the lodestar and greater have been deemed reasonable by the courts." *Hicks v. Stanley*, 2005 U.S. Dist. LEXIS 24890, 2005 WL

2757792, at *10 (S.D.N.Y. 2005); *Karpus v. Borelli (In re Interpublic Secs. Litig.)*, 2004 U.S. Dist. LEXIS 21429, 2004 WL 2397190, at *12 (S.D.N.Y. 2004) (approving 12% fee representing multiplier of 3.96 times lodestar); *In re Arakis Energy Corp. Securities Litigation*, 2001 U.S. Dist. LEXIS 19873, 2001 WL 1590512, (E.D.N.Y. 2001) (multiplier of 1.2 would not "deviate materially from post-*Goldberger* decisions of courts within the Second Circuit."); *In re Gilat Satellite Networks, Ltd.*, 2007 U.S. Dist. LEXIS 68964, *55-58, Fed. Sec. L. Rep. (CCH) P94,385, 2007 WL 2743675 (S.D.N.Y. Sept. 18, 2007) ("Though greater and lesser multipliers have been applied, a 1.3 multiplier is not out of line with other cases recently decided in this circuit.").

➢ Given the result obtained and the substantial financial risk assumed by our firm, I respectfully submit that a multiplier of 1.25 is reasonable and appropriate. *See, e.g., Coscarelli v. Esquared Hosp. LLC*, 2021 WL 293163 (S.D.N.Y. Jan. 28, 2021) (J. Furman) (upholding enhanced multiplier of 1.25 based on contingency nature of representation) ("Ms. Coscarelli, a young chef, was unable to pay the fees and costs of the case"; that is, "[w]ithout the contingent fee arrangement, a meritorious case would not have been able to be filed and tried to successful conclusion.").

➢ Here, like in *Coscarelli*, this case could not have been pursued without the contingency fee arrangement because Fleetwood could not financially support this action. *See also Surdu v. Madison Global, LLC*, 2018 U.S. Dist. LEXIS 48356, *28 (S.D.N.Y. Mar. 23, 2018) (collecting cases) (citing *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 481 (S.D.N.Y. 2013) (applying a multiplier of 6.3); *Tiro v. Public House Investments, LLC,* 11 Civ. 7679 (CM), 2013 U.S. Dist. LEXIS 129258, 2013 WL 4830949 at *15 (S.D.N.Y. Sept. 10, 2013) (McMahon, D.J.) (applying a multiplier of 1.01); *Silverstein v. AllianceBernstein LP*, 09 Civ. 5904 (JPO), 2013 U.S. Dist. LEXIS 179734, 2013 WL 7122612 at *9 (S.D.N.Y. Dec. 20, 2013) (Oetken, D.J.) (applying no multiplier); *Febus v. Guardian First Funding Grp., LLC*, 870 F. Supp. 2d at 340 (applying a multiplier of 2.2);

*Capsolas v. Pasta Res. Inc.,* 10 Civ. 5595 (RLE), 2012 U.S. Dist. LEXIS 144651, 2012 WL 4760910 at *9 (S.D.N.Y. Oct. 5, 2012) (Ellis, M.J.) (applying a multiplier of 3.96); *In re Merrill Lynch & Co. Research Reports Sec. Litig.*, 02 Civ. 5097 (JFK), 2007 U.S. Dist. LEXIS 93423, 2007 WL 4526593 at *21 (S.D.N.Y. Dec. 20, 2007) (Keenan, D.J.) (noting post *Goldberger*, most courts generally refuse to award multipliers higher than 2.03); *Maley v. Del Global Technologies Corp.*, 186 F. Supp. 2d 358, 371 (S.D.N.Y. 2002) (McMahon, D.J.) (applying a multiplier of 4.65).

## SUMMARY OF FEES AND COSTS REQUESTED

- Attorney Heskin:  Hours Spent (**63.6**) x Hourly Rate of $750 = $47,700 (Multiplied by 1.25 = $**59,625**).

- Attorney Wells:   Hours Spent (**738.10**) x Hourly Rate of $575 = $424,407.5 (Multiplied by 1.25 = **$530,509.38**).

- Attorney Dawer:  Hours Spent (97) x Hourly Rate of $280 = $ 27,160.00

- Attorney Davis:  Hours Spent (54.4) x Hourly Rate of $350 = $ 19,040.00

- Total Attorneys' Fees Requested:  **$636,334** See Heskin Aff.., Ex. B; Dawer Aff.

- Total Costs Requested: **$10,647.21** ($8,914.35 incurred by White and Williams LLP and $1,732.86 incurred by Davis & Jackson) See Heskin Decl., Ex. __; Dawer Aff.

- The total fees and costs requested is **$646,981.21.**

Dated: September 7, 2022

                                                  **WHITE AND WILLIAMS LLP**

By: _/s/ Shane R. Heskin_
Shane R. Heskin
7 Times Square, STE 29

-13-

      New York, NY 10036
      (215) 864-6329
      heskins@whiteandwilliams.com