**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

FLEETWOOD SERVICES, LLC

                Plaintiff,

    v.

RAM CAPITAL FUNDING, LLC, TSVI
REICH A/K/A STEVE REICH,
RICHMOND CAPITAL GROUP LLC
N/K/A RCG ADVANCES LLC, AND
ROBERT GIARDINA,

                Defendants.

Case No. 20-cv-5120 (LJL)

**DECLARATION OF**
**SHANE R. HESKIN IN FURTHER**
**SUPPORT OF PLAINTIFF**
**FLEETWOOD'S APPLICATION FOR**
**FEES AND COSTS AGAINST**
**DEFENDANT ROBERT GIARDINA**

Pursuant to 28 U.S.C. § 1746, I, Shane R. Heskin, declares and states the following under penalty of perjury:

1.      I am a partner with the law firm of White and Williams LLP, counsel to Plaintiff Fleetwood Services, LLC ("Fleetwood").

2.      I am the billing responsible partner for this matter and am personally familiar with the facts and circumstances set forth herein.

3.      Pursuant to Rule 54(d)(2), I make this declaration in further support of Fleetwood's motion for fees and costs against Defendant Robert Giardina.

4.      On August 17, 2022, this Court entered a Decision and Order entering a final judgment in this action in favor of Plaintiff Fleetwood and as against Defendant Robert Giardina. *See* Dkt. No. 105.

5.      As a result of this Court's entry of final judgment on Count V of its Amended Complaint, Plaintiff Fleetwood is entitled to its reasonable attorney's fees and costs under 18 U.S.C. §§ 1962(c) and 1964(c).

6.      On September 7, 2022, Fleetwood moved this Court for an award of its reasonable attorneys' fees and costs pursuant to 18 U.S.C. §§ 1962(c) and 1964(c) (the "Motion").  *See* Dkt. No. 109.

7.      On September 30, 2022, Defendant Robert Giardina ("Giardina") filed a First Memorandum of Law in Opposition to the Motion ("Giardina Opp.").  *See* Dkt. No. 117.

## CORRECTING MISREPRESENTATIONS IN GIARDINA'S OPPOSITION

8.      In opposing Fleetwood's Motion, Giardina makes several specious arguments concerning Fleetwood's counsel and the procedural history of this Action.  Herein I will provide facts to correct these misstatements.

### A.  Misrepresentations Concerning *Suess v. Complete Business Solutions*

9.      In opposition to the Motion, Giardina refers to a case handled by White and Williams LLP where I was lead attorney entitled *Suess v. Complete Business Solutions*.

10.     Specifically, Giardina states:

Plaintiff's allegations are not novel, as Plaintiff's counsel has frequently filed similar complaints against other merchant cash advance companies and has consistently not prevailed.  Once case [sic] in particular, *Suess v. Complete Business Solutions*, 17-cv-5797, was originally commenced in the Southern District of New York, pursuant to however [sic] subsequently removed to the Eastern District of Pennsylvania, 17-CV-4622, whereby all claims therein were dismissed.  Moreover, a review of the Pennsylvania docket provides dispositive evidence that Plaintiff's counsel had been effectively precluded from bringing such actions against merchant cash advantances, as being usury loans.  Thus, Plaintiff's have [sic] attempted to forum shop, until they found a court that would agree with their position.

Giardina Opp. At 3.

11.     There are many misstatements to unpack here.

12.     First, all claims <u>were not</u> dismissed in the *Suess* action.  The *Suess* Action was originally commenced in New York State Court, wherein a TRO was granted enjoining CBSG from sending out fraudulent UCC notices to Suess' insurance customers.  A true and correct copy of the

Order To Show Cause is attached hereto as **Exhibit 1**.  The action was then removed by Defendants to this District on September 1, 2017, and later transferred to the EDPA.

13.     The litigation involved two actions.  One to open the confessed judgment entered in Pennsylvania state court where Suess was a defendant and removed it to federal court, and a second action where Suess was the plaintiff seeking RICO damages.  The court originally denied the motion to vacate and dismissed the RICO claims because it held that California did not have a strong public policy against usury sufficient to invalidate the Pennsylvania choice of law provision.  Pennsylvania usury laws do not apply to commercial transactions.

14.     The Court in *Suess*, however, granted Defendant's motion for reconsideration, and vacated the Pennsylvania judgment that was grounded on an MCA agreement—*with a New York choice of law provision*.  *See Complete Bus. Sols. Grp. v. Suess*, 2019 WL 2637731 (E.D. Pa. June 24, 2019) ("However, none of these arguments address Defendant's arguments that the April 2017 Agreement is not a factoring agreement, but rather a loan that is usurious under New York law.  As Plaintiff has failed to address Defendant's arguments and the Court will not make Plaintiff's arguments for it, the Court shall consider the evidence provided by Defendant 'in the light most favorable to [Defendant] and accept as true [said] evidence and proper inferences therefrom.' Having done so, the Court finds that Defendant has set forth sufficiently 'clear, direct, and precise and believable evidence,' to warrant the grant of its Motion to Open as to the April 2017 Agreement only.").  A copy of this decision is attached hereto as **Exhibit 2**.

15.     Giardina's claims that "a review of the Pennsylvania docket provides dispositive evidence that Plaintiff's counsel has been effectively precluded from brining such actions against merchant cash advances, as being usury loans" is also incorrect.  *Compare* Giardina Opp. at 3 *with Fleetwood Servs., LLC v. Complete Bus. Sols. Grp.*, 374 F. Supp. 3d 361 (E.D. Pa. 2019)

(upholding RICO claims under MCA agreement despite Pennsylvania choice of law provision) (the "EDPA Fleetwood Action"); *Fleetwood Servs., LLC v. Complete Bus. Solutions Group, Inc.*, 2019 WL 5422884 (E.D. Pa. Oct. 23, 2019). The class action has completed discovery and a motion for class certification has been filed. It is stayed pending resolution of the SEC Action.

### B. Plaintiff's Counsel's Litigation Experience Against MCA Companies Helped State and Agency Prosecution of MCA Companies

16. Giardina alleges: "plaintiff's counsel's work demonstrates, there was a great benefit in reviewing the Attorney General case, which logically, should have then lowered the amount of hours spent subsequently drafting any complaints and pleadings in this case[.]" Giardina Opp. at 15.

17. This Action was filed on March 18, 2020, approximately <u>three months</u> **before** the NYAG Action was commenced. *Compare* Dkt. No. 1-1 *with* Dkt. No. 73-20 (NYAG Action Petition, dated June 10, 2020).

18. While a review of the NYAG Action materials filed *after* this Action was initiated certainly provided additional relevant information to Fleetwood's counsel, because the NYAG Action does not involve any RICO claims, it did not alleviate any of Fleetwood's counsel's workload in successfully litigation this Action and obtaining a favorable result for Fleetwood on the merits.

19. In fact, the NYAG Action has demonstrably relied on this firm's extension experience in litigation actions against predatory MCA companies in support of its petition against Defendant Richmond Capital Group LLC.

20. In addition to citing this Court's order as part of the NYAG's supplemental authority for summary determination, *see* Dkt. No. 113-2, the NYAG has also cited the decisions obtained by White and Williams in this very case, as well as *Lateral Recovery LLC v. Queen Funding, LLC*, No. 21-cv-09607-LGS, 2022 WL 2829913 (S.D.N.Y. July 20, 2022). Copies of the NYAG's Letters of Supplemental Authority raising these cases are attached hereto as **Exhibit 3**.

21.     Thus, the NYAG Action is an example of state prosecutions against MCA companies deriving benefits from White and Williams' civil RICO litigations against MCA companies, and it is not the only example of a symbiotic relationship between White and Williams and public prosecutors within the MCA industry.

22.     For instance, one notable RICO action I handled was brought on behalf of Radiant Images, Inc. and Gianna Wolfe against various predatory MCA lenders tilted *Radiant Images, Inc. et al. v. Broadway Advance Funding, LLC et al.*, 1:18-cv-01492-LAK (S.D.N.Y.).

23.     Among the allegations set forth in the *Radiant* complaint was that Defendants utilized an associate named Gino Gioe ("Gino"), a former felon, to enter the premises of the *Radiant* plaintiffs to intimidate them into making payment:





24.      On August 26, 2022, the United States Attorney for the Eastern District of Pennsylvania filed a Criminal Information, a copy of which is attached hereto as **Exhibit 4**.

25.      As set forth in the Criminal Information, Gino "worked for the collections department for Complete Business Solutions Group, Inc., doing business as Par Funding ('Par Funding') and at the direction of Person No. 1, known to the United States Attorney, acted as an 'enforcer' and used extortionate means, including express and implied threats of violence, to collect payment from its customers." Ex. 4 at ¶ 1.

26.      Also noteworthy is that Gino plead guilty to two counts of extortionate collection of credit under 18 U.S.C. § 894(a), and the United States Attorney expressly calls the merchant cash advance agreements loans.  *See id.* At pg. 4 ("LOANS MADE BY PAR FUNDING AND FAST ADVANCE FUNDING AND COLLECTED BY EXTORTIONATE MEANS").

27.      Even more noteworthy, on page 7, paragraphs 3-4, the Information describes in detail the events previously alleged in the *Radiant* complaint above, including the threats that owing money to people like Par Funding could affect "wives, households and children." *Id.*

28.      Notably, Gino worked for CBSG, the defendant in the *Suess* litigations referenced above, demonstrating how White and Williams civil litigations against MCA companies often precipitate subsequent criminal prosecutions.

29.      CBSG's founder, Joseph LaForte, has also become the subject of public prosecution following White and Williams civil litigations for RICO violations against CBSG and information gleaned from other lawsuits brought by White and Williams.

30.      As mentioned in my original declaration in support of this Motion, the SEC relied on evidence obtained in the EDPA Fleetwood Action for bringing its action against CBSG.  *See* Dkt. No. 113-6.

31.     As reported in articles by The Philadelphia Inquirer, Mr. LaForte is the subject of an SEC investigation into CBSG's (a/k/a Par Funding) potential defrauding of investors.  As part of this investigation, an FBI raid on Mr. LaForte's residence uncovered numerous illegal firearms and mountains of cash, resulting in additional gun charges being brought against Mr. LaForte.  *See* Jeremy Roebuck, *Guns, cash, a private plane: Feds reveal more on probe of Philly financier at center of alleged $500M fraud*, THE PHILADELPHIA INQUIRER (August 11, 2020), a true and correct copy of which is attached hereto as **Exhibit 5**.

32.     Thus, Giardina's references to the NYAG Action and the *Suess* litigations against CBSG only serve to demonstrate White and Williams' leading role in civil RICO litigations against MCA companies and how White and Williams' work has helped take some very scary people off the streets for the betterment of the public at large.

33.     Lastly, White and Williams incurred an additional 25 billed hours between myself and an associate in responding to Giardina's opposition.  To avoid complicating this straight-forward attorneys' fees application, Fleetwood will not be seeking recovery for the time spent on its reply to this Motion.

Dated: October 6, 2022

                              **WHITE AND WILLIAMS LLP**


By: _____
                              Shane R. Heskin
                              7 Times Square, STE 29
                              New York, NY 10036
                              (215) 864-6329
                              heskins@whiteandwilliams.com